STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee,

v.

REINHART, Admr., et al., Appellants. (Two Cases.)

[Cite as *State Farm Mut. Auto. Ins. Co. v. Reinhart* (1996), 114 Ohio App.3d 625.]

Court of Appeals of Ohio,
Third District, Seneca County.

Nos. 13–96–21 and 13–96–22.

Decided Oct. 11, 1996.

*Hamilton, Kramer, Myers & Cheek* and *James R. Gallagher,* for appellee.

*Luigia Tenuta,* for appellants.

---

THOMAS F. BRYANT, Judge.

Appellants Ronald Reinhart, administrator of the estate of Scott Reinhart, and Carol Reinhart appeal from a judgment of the Court of Common Pleas of Seneca County denying appellants' claims against appellee State Farm Mutual Automobile Insurance Company for bad faith, attorney fees, and punitive damages.

On June 20, 1987, Scott Reinhart was killed in a automobile accident. Scott was the passenger in a car driven by Brian Hohman, who was deemed solely responsible for the accident and for Scott's wrongful death. At the time of his death, Scott was nineteen years old and resided with appellants, who are his parents. All three individuals were insured by separate State Farm automobile policies. These policies carried liability and uninsured/underinsured motorist ("UM/UIM") coverage limits of $100,000 per person/$300,000 per accident. Brian Hohman was insured with a policy issued by Nationwide Insurance Company with the same limits of $100,000 per person/$300,000 per accident.

In November 1987, appellants filed a wrongful death action against Hohman. This action was settled with appellee's consent for $100,000 in July 1989. Appellants also, in June 1988, made a formal request for UM/UIM coverage under their policies with appellee. Based upon the authority of *Hill v. Allstate Ins. Co.* (1990), 50 Ohio St.3d 243, 553 N.E.2d 658, overruled by *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, appellee instituted a declaratory judgment action on March 14, 1990. In *Hill,* the Supreme Court held that UIM coverage is not available to an insured where the limits of liability contained in the insured's policy are identical to the limits of liability set forth in the tortfeasor's liability insurance coverage. Since the limits of the appellants' policies were identical to the limits of Hohman's policy, appellee maintained that the appellants' claims for excess underinsurance were contractually precluded by their policies.

Appellants answered appellee's declaratory judgment action and counterclaimed, requesting a declaration that appellee provide coverage under the three policies in the amount of $900,000, less the $100,000 of liability coverage already paid by the tortfeasor's insurer, or, in the alternative, an amount equal to

$300,000, less the $100,000 paid by Nationwide. Furthermore, on May 7, 1990, appellants filed suit alleging that appellee had acted in bad faith in refusing to settle the case. The trial court stayed the bad faith claim and asked the parties to submit the coverage issues. On August 7, 1990, the trial court ruled that appellee owed UIM coverage despite *Hill v. Allstate* and assessed costs against appellee.

On October 19, 1993, following a bench trial, the trial court ruled that appellee did not act in bad faith in its handling of appellants' claims. The trial court awarded appellants $200,000 pursuant to their policies with appellee. In December 1993, appellee tendered an offer for $200,000, but this offer was rejected by appellants. Eventually, this amount plus postjudgment interest was paid.

Both parties appealed the trial court's decision and, during the pendency of these appeals, the Ohio Supreme Court overruled *Hill v. Allstate*, when it decided *Savoie v. Grange Mut. Ins. Co., supra*, 67 Ohio St.3d 500, 620 N.E.2d 809. Because appellee had been relying on *Hill*, it did not pursue the setoff issue on appeal.

This court affirmed the trial court's decision in *State Farm Mut. Auto. Ins. Co. v. Reinhart* (Aug. 24, 1994), Seneca App. Nos. 12–93–37 and 12–93–38, 1994 WL 463713, unreported, and held that appellee did not act in bad faith and, furthermore, any delay was probably attributable to appellants. On further appeal, the Supreme Court of Ohio reversed this court's judgment, remanding the cause to the trial court for reconsideration of the issue of bad faith and punitive damages in light of the new "reasonable basis" legal standard set forth in the case *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397.

At the time of the trial court decision, the prevailing standard for determining bad faith was articulated in *Slater v. Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 21 O.O.2d 420, 187 N.E.2d 45. Under this standard, bad faith could be found when an insurer intentionally refuses to satisfy a claim where there is either "(1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) an intentional failure to determine whether there was any lawful basis for such refusal." *Id.* at paragraph three of the syllabus. The *Zoppo* decision overruled *Slater* and eliminated this standard in favor of a "reasonable justification" standard. Under *Zoppo*, an insurer acts in bad faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.

Pursuant to the Supreme Court's instruction, on remand, the Seneca County Court of Common Pleas reconsidered appellants' bad faith claims in light of the *Zoppo* reasonable justification standard. The court held that appellee was justified in its refusal of coverage under the language of the policy and therefore

did not act in bad faith. Accordingly, the trial court denied appellants' claims for bad faith, attorney fees and punitive damages. It is from this judgment that appellants assert five assignments of error.

Each of appellants' assignments of error challenge the conclusion reached by the trial court and ask this court to examine whether the trial court followed the mandate of the Ohio Supreme Court. We, therefore, for purposes of clarity and brevity, address these assignments of error together.

The Supreme Court of Ohio directed the trial court to conduct further proceedings pursuant to the authority of *Zoppo*, 71 Ohio St.3d 552, 644 N.E.2d 397, which held:

"An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Id.* at paragraph one of the syllabus.

■ The trial court, therefore, was asked to apply this standard to reexamine whether appellee acted in bad faith when it denied appellants' claims. Consequently, this court's review is limited to determining whether the trial court followed the Supreme Court's mandate. After reviewing the record and the May 9, 1996 judgment of the trial court, we find that the court's judgment, properly based upon the application of the *Zoppo* standard, was supported by competent and credible evidence.

■ In conducting the review mandated by the Ohio Supreme Court, the trial court made extensive findings of fact. The court detailed the actions taken by appellee in processing and investigating the claim and outlined the case law upon which appellee based its declaratory judgment action. Based upon its review of the record, the court concluded that appellee furnished reasonable justification to refuse coverage. Therefore, finding no bad faith, the court denied appellants' request for attorney fees and punitive damages.

Appellants argue that the trial court failed to consider whether appellee had a reasonable justification when it first denied the claims in July 1989. Since the case upon which appellee relied for its declaratory judgment action, *Hill v. Allstate*, was not decided until 1990, appellants contend that no reasonable justification existed at the time the claim was due. We disagree. A plain reading of the language of appellant's policy as well as the language of R.C. 3937.18(A)(2) indicates that at the time the claim was due, appellants were not entitled to UM/UIM benefits.

Section III, subsection 1b(2)(a) of the policy issued by appellee defines an uninsured motor vehicle as "a land motor vehicle * * * which is insured or bonded for bodily injury liability at the time of the accident; but the limits of liability are *less* than the limits you [the insured] carry for uninsured motor vehicle coverage under this policy." (Emphasis added.) Further, R.C. 3937.18(A)(2) states that underinsured motorist coverage "shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies * * * are *less* than the limits for the insured's uninsured motorist coverage at the time of the accident." (Emphasis added.)

At the time of the accident, the tortfeasor's insurance policy contained identical limits of liability coverage as those policies held by appellants. Because the policies contained identical limits, the tortfeasor was not underinsured as defined under R.C. 3937.18(A)(2). Consequently, appellants were not entitled to underinsured motorist benefits.

In its conclusions of law, the trial court stated that appellee was justified in its refusal of coverage under the language of the policy and under the law applicable at the time of the claim. Based upon our reading of the statutory law effective at the time of the accident and appellants' policy, as well as *Hill v. Allstate* and its progeny, we find this conclusion to be supported by competent and credible evidence. Accordingly we affirm the judgments of the Seneca County Common Pleas Court finding that appellee did not act in bad faith.

*Judgments affirmed.*

HADLEY, P.J., and SHAW, J., concur.